GOLDING (UNITED STATES v.). See Case No. 15,224.

GOLDMAN (STRONG v.). See Case No. 13,-542.

GOLDMAN (UNITED STATES v.). See Case No. 15,225.

---

## Case No. 5,515.

### In re GOLD MOUNTAIN MIN. CO.

[3 Sawy. 601;[1] 15 N. B. R. 545.]

District Court, D. California. April 10, 1876.

#### JUDGMENT LIEN—APPEAL.

Where a creditor had obtained a valid lien on the bankrupt's property by judgment, execution and levy, from which the bankrupt had taken an appeal, but had not executed the bond necessary to cause the appeal to operate as a stay of proceedings, and the property had been sold subsequently to the bankruptcy and the proceeds brought into this court: *Held*, that the creditor was entitled to satisfaction out of the proceeds.

[Cited in Claridge v. Kulmer, 1 Fed. 402.]

In bankruptcy.

W. H. Rhodes, for creditor.

Jos. Naphtaly and R. H. Lloyd, for assignee.

HOFFMAN, District Judge. In this case one Morrison had, before the commencement of the proceedings in bankruptcy, obtained a judgment against the bankrupt, issued execution and levied on property which he was about to sell. At the instance of the creditors, his proceedings were stayed until the appointment of an assignee. An assignee having been appointed the property was sold, and the proceeds brought into court. The judgment-creditor now moves that these proceeds, or so much thereof as may be necessary, be applied to the satisfaction of his debt.

The validity of the judgment is not impeached. The creditor, therefore, had acquired before the bankruptcy a valid lien which this court is bound to respect and enforce.

The only objection urged against his application is that an appeal has been taken from the judgment in question. But no bonds have been executed by the appellant, as required by law, to cause the appeal to operate as a stay of proceedings. The judgment-creditor, therefore, had, at the time of the bankruptcy, the unquestionable right to

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

satisfy his judgment out of the property levied on, or, in other words, a valid lien upon it. This lien was in no respect affected by the bankruptcy proceedings, and the same rights which he would have had in the state courts he can now assert in this court. As his rights there were unaffected by the appeal, they are unaffected by it here. It would be keeping the word of promise to the ear only, if the court should declare that all lawfully acquired liens not dissolved by the bankrupt act [of 1867 (14 Stat. 517)] will be respected in this court, and at the same time inform the holder that he will not be permitted to enforce them, notwithstanding that he clearly has that right under the state laws, and had it at the time of the bankruptcy.

The motion of the judgment-creditor is granted.